UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TYLER WISNIEWSKI, an individual,

    Plaintiff,

vs.                                                                       CASE NO.:

SMART SURFACES, INC., a Florida
Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Tyler Wisniewski ("Plaintiff"), by and through undersigned counsel, sues Defendant, Smart Surfaces, Inc. ("Defendant"), and alleges as follows:

## INTRODUCTION

1. This is an action brought pursuant to the Fair Labor Standard Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA") to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs owed to Plaintiff.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims alleged herein occurred in Hillsborough County, Florida and within the jurisdiction of the Middle District of Florida, Tampa Division.

## PARTIES

4. Plaintiff was and is a resident and citizen of Hillsborough County, Florida. At all times pertinent, Plaintiff worked for Defendant in Hillsborough County, Florida.

5. Defendant was and is a Florida profit corporation conducting business in Hillsborough County, Florida, within the jurisdiction of the Middle District of Florida, Tampa Division, and subject to the requirements of the FLSA.

6. At all times material, Plaintiff was an employee of the Defendant pursuant to 29 U.S.C. § 203(e)(1); Defendant was the employer of Plaintiff within the meaning of 29 U.S.C. §§ 203(a) and (d); and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## FLSA COVERAGE

7. At all times material, Defendant was an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203(s).

8. At all times material, the Defendant was an employer as defined by 29 U.S.C. § 203(d).

9. Defendant was and is a Florida profit corporation with a principal place of business in Hillsborough County, Florida, and is subject to the requirements of the FLSA.

10. Defendant is an enterprise engaged in interstate commerce, or in the production of goods for interstate commerce, with an annual gross volume of revenue not less than Five Hundred Thousand Dollars ($500,000.00).

11. At all times material, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. Plaintiff worked for Defendant as a flooring installer. In this capacity, Plaintiff handled goods and/or equipment, which had travelled in interstate commerce, on a daily basis.

13. At all times material, Plaintiff was individually covered by the FLSA.

## GENERAL ALLEGATIONS

14. Defendant employed Plaintiff in Hillsborough County, Florida, as a flooring installer, for approximately three (3) months, through on or about April 26, 2022.

15. During this time, Plaintiff's primary job duties included, without limitation, performing the physical installation of Defendant's products for Defendant's customers.

16. Defendant compensated Plaintiff on an hourly basis of $18.00 per hour.

17. Plaintiff regularly worked well in excess of forty hours per week for Defendant, as Defendant failed to compensate Plaintiff for compensable time driving to, from, and between jobsites. Defendant had an unlawful policy and practice of

requiring employees, including Plaintiff, to be off-the-clock when driving to, from, and between jobs.

18. Defendant compensated Plaintiff based on his hourly rate for forty (40) hours per week, and then failed to provide Plaintiff the overtime hours Plaintiff worked.

19. Defendant knew that it was a violation of the FLSA not to compensate Plaintiff at rate of not less than one and one-half his regular rate for all hours worked in a work week over forty (40) hours.

20. Defendant willfully violated the FLSA and failed to provide Plaintiff overtime compensation.

21. Defendant failed to keep proper time records for certain employees, including Plaintiff.

22. To the extent any time records exist concerning the number of hours worked and amounts to be paid to Plaintiff, the records are in the possession and custody of Defendant.

23. Plaintiff has been required to retain counsel to prosecute the claims herein and is obligated to pay counsel reasonable attorneys' fees and costs.

24. All conditions precedent to this action have been satisfied.

## **COUNT I**
### **(Overtime Compensation Due Under the FLSA)**

25. Plaintiff re-alleges paragraphs 1 through 24 as if set forth fully herein.

26. Plaintiff worked more than forty (40) hours in a week one or more weeks during his employment with the Defendant.

27. Defendant failed to compensate Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for hours worked over forty (40) in a workweek.

28. Defendant failed to provide Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

29. Defendant owes Plaintiff unpaid overtime compensation.

WHEREFORE, Plaintiff respectfully requests that this Court:

    a.    accept jurisdiction over this action;

    b.    award damages for the amount of unpaid overtime compensation owed to Plaintiff;

    c.    award liquidated damages, pursuant to 29 U.S.C. § 215(b), in an amount equal to the overtime compensation owed to Plaintiff, or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law;

    d.    award Plaintiff recovery of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

    e.    entry of final judgment against Defendans;

    f.    declare that Plaintiff was a non-exempt employee of Defendant; and

  g.  award all other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff does hereby demand a Jury Trial on all issues and claims so triable.

            *s/ Bradley P. Rothman*
            Bradley P. Rothman, Esq.
            Florida Bar No.: 0677345
            brothman@weldonrothman.com
            Morgan B. Jones, Esq.
            Florida Bar No.:1035318
            mjones@weldonrothman.com
            WELDON & ROTHMAN, PL
            2548 Northbrooke Plaza Drive
            Naples, Florida 34119
            Tel: (239) 262-2141
            Fax: (239) 262-2342
            *Counsel for Plaintiff*